**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HSBC BANK USA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> ALFREDO FRANCESCO RUFFOLO, et al., <br><br> Defendants. | Civil Action No. 15-2891 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

This matter comes before the Court on Plaintiff HSBC Bank USA, N.A.'s ("Plaintiff" or "HSBC") Motion to Remand and for Counsel Fees. (ECF No. 3.) Defendants Alfredo Francesco Ruffolo and Christine Ruffolo ("Defendants" or "Ruffolos") opposed the motion (ECF No. 7), and Plaintiff replied (ECF No. 12).[1] Defendants also submitted separate correspondence to the Court requesting recusal, a 90-day stay, a Rule 26 hearing, an extension of time to respond to Plaintiff's Motion to Remand, and an order to show cause to order HSBC to produce the original promissory note.[2] (ECF Nos. 5, 6.) Plaintiff filed an opposition to these requests (ECF No. 9), and Defendants

---

[1] On June 29, 2015, Defendants filed a sur-reply. (ECF No. 13.) Per Local Civil Rule 7.1(d)(6), sur-replies are not permitted unless leave is granted by the Judge to whom the case is assigned. Citing Rule 7.1(d)(6), Plaintiff objected to Defendants' sur-reply and asked the Court to disregard it. (ECF No. 14.) Thereafter, Defendants submitted correspondence asking the Court to "allow [their] sur-rebuttal to stand as if a more formal time-consuming motion were filed and granted in the interest of conservation of judicial resources." (ECF No. 16.) Because Plaintiff's reply did not raise new arguments or contain statements requiring correction, the Court will disregard Defendants' sur-reply.

[2] Notwithstanding the requirement in the Federal Rules of Civil Procedure and the Local Civil Rules for the District of New Jersey that any relief sought must be moved for via formal motion, taking into account Defendants' pro se status, the Court considered the requests made in their "letter motion" dated May 14, 2015. The Court granted Defendants' request for an extension of

replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

I.   **Background and Procedural History**[3]

On December 3, 2010, Plaintiff filed this foreclosure action in the Superior Court of New Jersey, Warren County, under docket number F-58732-10. (Ex. A to Pl.'s Mot. to Remand, ECF No. 3-3.) The property at issue in this foreclosure action is located in the State of New Jersey at 400 Warren Street, Stewartsville. (*Id.* at Schedule A.) Defendants filed an answer to the Complaint on March 16, 2011. (Ex. B to Pl.'s Mot. to Remand, ECF No. 3-4.) Thereafter, "[n]umerous conferences [took place in state court, and] discovery motions and dispositive motions [were] filed in the state court." (Pl.'s Mot. to Remand ¶ 7, ECF No. 3.) The dispositive motions included Plaintiff's motion for summary judgment, which was scheduled for oral argument in state court on January 17, 2014. (*Id.* ¶ 8.)

On December 31, 2013, while Plaintiff's summary judgment motion was pending, Defendants, acting pro se, abruptly removed the action to this Court, and the matter was assigned docket number 3:13-cv-7926. (Dkt. No. 13-7926, ECF No. 1.) In their Notice of Removal, Defendants asserted that there was federal jurisdiction on the basis of "a federal question, the

---

time to respond to Plaintiff's Motion to Remand. (ECF No. 8.) The Court, however, denies the remaining requests for the following reasons. First, with respect to the request for recusal, the Court denies this request because Defendants have not identified any "personal bias or prejudice [by the Court] concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. Next, the Court denies as moot Defendants' request for a 90-day stay. Finally, the Court denies Defendants' request for a Rule 26 hearing and for an order to show cause to order HSBC to produce the original promissory note, because Defendants have already had the opportunity to take discovery in state court, and this included an opportunity to examine the original promissory note.

[3] The Court assumes familiarity with the facts of this case, which are set forth in the court's opinion in *Ruffolo v. HSBC Bank USA, N.A.*, No. 14-638, 2014 WL 4979699 (D.N.J. Oct. 3, 2014). Thus, the Court includes only the facts relevant to the pending motion.

threatened actual taking of title and rights to deeded real property without due process." (*Id.*) Thereafter, Plaintiff filed a motion for an order remanding this action to state court and requiring Defendants to pay attorney's fees and expenses associated with removal under 28 U.S.C. § 1447(c). (Dkt. No. 13-7926, ECF No. 3.) In their motion to remand, HSBC's principal challenge to the removal was that the notice of removal, which was filed nearly three years after the Complaint was served, was untimely. (*Id.* at 2-4.) Defendants did not dispute this argument; rather Defendants argued that the action should be consolidated with a "related" federal action that they commenced in January 2014, *Ruffolo v. HSBC Bank USA, N.A.*, No. 14-638 (D.N.J.). (*Id.* at 2.) The Court rejected this argument noting that while "Rule 42 of the Federal Rules of Civil Procedure provides for the consolidation of cases properly 'before the court,' it does not provide an independent basis to remove an action from state court." (Dkt. No. 13-7926, Sept. 8, 2014 Mem. Order 2, ECF No. 9.) Thus, noting that the removal was untimely, the Court granted Plaintiff's motion to remand by order dated September 8, 2014. (*Id.* at 3.)

Thereafter, this Court also dismissed the "related" federal action. (Dkt. No. 14-638, ECF No. 24.) Finding that the federal complaint was effectively seeking appeal of decisions by the state court and attempting to have the Court interfere with ongoing state court proceedings, the Court abstained from exercising its jurisdiction. (Dkt. No. 14-638, Oct.3, 2014 Mem. Op. 4, ECF No. 23.) Accordingly, pursuant to the *Colorado River* doctrine of abstention, the Court dismissed the Ruffolos' federal complaint. (*Id.* at 8-9.)

Thereafter, the state court proceedings on the foreclosure action resumed, and Plaintiff again filed a motion for summary judgment on April 9, 2015. (Ex. D to Pl.'s Mot. to Remand, ECF No. 3-6.) While Plaintiff's motion for summary judgment was pending, on April 23, 2015, Defendants filed a "Cross Complaint/Counterclaim and Motion for OSC [sic] re TRO and

Preliminary Injunction and Stay [proposed] OSC [sic] and TRO." (Ex. 1 to Notice of Removal, ECF No. 1-1.) On the same day, Defendants removed the action to this Court. (ECF No. 1.) With the exception of the addition of a "Constitutional Challenge to the New Jersey Law – Rule 4[:]64," which pertains to mortgage foreclosures, Defendants' "Cross Complaint/Counterclaim" is nearly identical to its previous federal complaint, which the Court dismissed. On May 5, 2015, Plaintiff filed the instant Motion to Remand and for Counsel Fees. (ECF No. 3.)

## II. Discussion

In their Notice of Removal, Defendants state that they have filed a "concurrently pending civil action under the same state court case number" and "[t]he core matters within the cross action involve the violation of defendant/cross-complainants [sic] rights as owners to their single family residence and includes a Constitutional Challenge under the U.S. Constitution and statutes that allege that the foreclosure proceedings that are currently pending in New Jersey pandemically [sic] are performed illegally with wholesale disregard of the law, denying equal protection, due process protections, disregarding evidentiary requirements and for violations under 42 U.S.C. [§] 1983, et seq." (Notice of Removal 2.) Defendants additionally assert that "[t]he two actions are joined as allowed by state law and there is no federal statute or FRCP that prohibits this honorable court from considering and taking charge of these related cases in which there exists matters of great public interest affecting the litigants and other citizens of New Jersey similar situated." (*Id.*) The Court disagrees with Defendants.

### A. Removal was Untimely

Under 28 U.S.C. § 1446(b), a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." 28 U.S.C. § 1446(b); *see also Galvanek v. AT&T, Inc.*, No. 07-2759, 2007 WL 3256701, at *2 (D.N.J. Nov.

5, 2007) (noting "that the thirty day period for removal is mandatory and cannot be extended by the court"). Here, the Complaint was filed nearly five years ago. Nonetheless, Defendants contend that removal is timely, because it is based on claims made in the "Cross Complaint/Counterclaim" that they filed on April 23, 2015.

As an initial matter, pursuant to New Jersey Court Rule 4:9-1, once responsive pleadings are served, "a party may amend a pleading only by written consent of the adverse party or by leave of court . . . ." N.J. Ct. R. 4:9-1. Here, Defendants have not provided proof, or even alleged, that they obtained either Plaintiff's consent or leave from the state court to amend their pleadings. Moreover, the state court did not construe Defendants' "Cross Complaint/Counterclaim" as an amended pleading. On the contrary, describing Defendants' April 23, 2015 filing, the state court noted that "Defendant Alfred Ruffolo filed an Order to Show Cause, seeking Temporary Injunctive Relief," and the state court denied this request. (Ex. to May 26, 2015 Letter ("April 27, 2015 Mem. Op.") 1-4, ECF No. 9.) Thus, any new claims asserted in Defendants' April 23, 2015 "Cross Complaint/Counter Claim" are not part of this action, and cannot provide a basis for removal.

Accordingly, Defendants' removal was untimely and Plaintiff is entitled to remand.

### B.  Payment of Costs and Expenses

Next, the Court turns to Plaintiff's request for attorney fees and expenses pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, the Supreme Court discussed the rationale for awarding costs under this provision:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of

> removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

546 U.S. 132, 140 (2005). Thus, the Supreme Court stated that "the standard for awarding fees should turn on the reasonableness of the removal," and "courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. For the reasons discussed below, the Court finds that an award of fees is appropriate in this matter.

Here, Defendants' April 23, 2015 removal represents Defendants' third attempt to litigate a state foreclosure action in federal court. As discussed above, Defendants' first attempt to litigate their claims in federal court was made while a motion for summary judgment against Defendants was pending. In its decision on Plaintiff's motion to remand in that action, the Court explained that under 28 U.S.C. § 1446(b), a "notice of removal . . . [must generally] be filed within 30 days of receipt [of the Complaint] by defendant." (Dkt. No. 13-7926, Sept. 8, 2014 Mem. Order 2, ECF No. 9.) In addition, the Court also explained that Defendants' attempt to consolidate a state action with a federal action did not provide an independent basis to remove the action from state court. (*Id.*)

Thereafter, Defendants tried again to litigate their foreclosure action in federal court by pursuing a federal action. (Dkt. No. 14-638, Compl., ECF No. 1.) Finding, however, that Defendants' federal action would require the Court to interfere with state foreclosure proceedings and relitigate claims that the state court already addressed, the Court abstained from exercising jurisdiction over the action pursuant to the *Colorado River* doctrine of abstention. (Dkt. No. 14-638, 10/3/14 Mem. Op. 4, 8-9, ECF No. 23.)

After the dismissal of Defendants' federal action, Defendants continued to defend against the foreclosure action in state court. When Plaintiff made a second motion for summary judgment, however, Defendants once again tried to avoid adjudication of that motion by filing a notice of removal. (ECF No. 1.) This time Defendants asserted that removal was proper based on a newly asserted constitutional challenge to a New Jersey law, but, as discussed above, Defendants did not properly file an amended pleading. Moreover, it is objectively unreasonable for Defendants to contend that they could inject federal question jurisdiction into the state foreclosure action, without leave of court, more than four years after the Complaint was served, and when a motion for summary judgment was pending against them. *See also Lott v. Duffy*, 579 F. App'x 87, 90 (3d Cir. 2014) ("[Defendant]'s second Notice of Removal was plainly unreasonable given the District Court's disposition of his first Notice of Removal.").

Furthermore, Defendants have now removed this case twice, and on both occasions they did so while Plaintiff's motion for summary judgment was pending. Having engaged in discovery and motion practice in state court for nearly four years, the Court finds that Defendants acted in bad faith to prolong this litigation by (again) filing an untimely notice of removal to prevent the state court from adjudicating a dispositive motion. Defendants' bad faith in removing this case for a second time also weighs in favor of awarding fees under § 1447(c). *See Hammer v. Scott*, 137 F. App'x 472, 475 (3d Cir. 2005) ("A showing of bad faith is not a prerequisite for an award of fees under 28 U.S.C. § 1447(c), although it may be a consideration.").

Accordingly, pursuant to § 1447(c), Defendants shall pay Plaintiff "costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

### III. <u>Conclusion</u>

For the reasons set forth above, Plaintiff's Motion to Remand and for Counsel Fees is granted. An order consistent with this Memorandum Opinion will be entered.

 

                                           s/ Michael A. Shipp  
                                           **MICHAEL A. SHIPP**  
                                           **UNITED STATES DISTRICT JUDGE**

Dated: December 23, 2015